JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

## 18   2186

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
JAMES EVERETT SHELTON
316 Covered Bridge Road
King of Prussia, PA 19406

**DEFENDANTS**
CAPITAL ADVANCES LLC
351 S. Cypress Rd Suite 400
Pompano Beach, FL 33060

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Broward
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 USC § 227 et seq.

Brief description of cause:
Defendants telephoned my private telephone in violation of the TCPA and related claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
22,500.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE   5/24/18

SIGNATURE OF ATTORNEY OF RECORD
James E Shelton

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**

**18   2186**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 316 Covered Bridge Road, King of Prussia, PA 19406

Address of Defendant: 351 S. Cypress Rd Suite 400, Pompano Beach, FL 33060

Place of Accident, Incident or Transaction: By phone call to my private telephone.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Violations of the TCPA, 47 U.S.C. 227

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, James Everett Shelton , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/24/2018      *James E Shelton*      _____
                       Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/24/2018      *James E Shelton*      _____
                       Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| v. | : | |
| CAPITAL ADVANCES LLC, et. al | : | NO. **18   2186** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 5/24/2018 | *James E Shelton* | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | 888-329-0305 | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**TJS**

**James Everett Shelton**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
**(484) 626-3942**
**jeshelton595@gmail.com**

**Plaintiff, Pro Se**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON**<br>**316 Covered Bridge Road**<br>**King of Prussia, PA 19406**<br><br>　　　　　**Plaintiff,**<br><br>　　　　　　**vs.**<br><br>**CAPITAL ADVANCES LLC**<br>**351 S. Cypress Rd, Suite 400**<br>**Pompano Beach, FL 33060**<br><br>**CARMELA MORELLI,**<br>**4042 Loring St,**<br>**Philadelphia, PA 19136**<br><br>**VINCENZO MORELLI, also known as**<br>**VINCENT MORELLI,**<br>**351 S. Cypress Rd, Suite 400**<br>**Pompano Beach, FL 33060**<br><br>　　　　　**Defendants** | **Civil Action**<br><br>**No. 18   2186**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT:

Plaintiff JAMES EVERETT SHELTON brings this action for damages, statutory

damages, court costs, and injunctive relief under rights pursuant to Federal Statute under 47

U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing

tortious activity of CAPITAL ADVANCES LLC (hereinafter "Capital Advances"), in

negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales

1

Calls") using an automatic telephone dialing system ("ATDS calls") in violation of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of

the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as

follows:

## I.        Introduction

1.      Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to

widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.

*See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2.      Plaintiff brings this action to challenge Capital Advances's practices in the telephone

solicitation of its products and services. Specifically, Plaintiff challenges Capital Advances's and

Capital Advances's agents' illegal telephone solicitations by which it markets its products and

services by calling consumers whose numbers are listed on the National Do-Not-Call Registry

utilizing automated dialing equipment, and Capital Advances's failure to maintain a Do-Not-Call

list or Do-Not-Call policy.

3.      The TCPA is designed to protect consumer privacy by prohibiting unsolicited

telemarketing calls to cellular telephones, unless the caller has the "prior express written consent"

of the called party.

4.      "Month after month, unwanted robocalls and texts, both telemarketing and informational,

top the list of consumer complaints received by" the Federal Communication Commission.[1]

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶ (July 10, 2015)

5.      Plaintiff alleges that Defendant Capital Advances LLC (hereinafter "Capital Advances")

placed numerous telemarketing calls to Plaintiff's cellular telephone number for the purposes of

advertising Capital Advances's services, using an automatic telephone dialing system (ATDS),

which is prohibited by the TCPA.

6.      Plaintiff never consented to receive any of these calls, several of which were made after

Plaintiff told Defendants to stop calling.

7.      All of the claims asserted herein arise out of Capital Advances's illegal telephone

solicitation campaign and are a common fact pattern.

## II.      Jurisdiction and Venue

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in this court in that Defendants conduct business in, and a substantial

part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery

County. Plaintiff received the phone calls to his private mobile telephone number as a permanent

resident of Montgomery County. Defendant Capital Advances conducts business in this judicial

district by calling Pennsylvania consumers. Plaintiff's telephone number has a (484)

Pennsylvania area code and is registered to Plaintiff's home address. Each of the Defendants has

sufficient minimum contacts with this county, and otherwise purposely avail themselves of the

markets in this county. Defendant Vincenzo Morelli a/k/a Vincent Morelli is believed to be from

the Philadelphia region, and Defendant Carmella Morelli is believed to live in and/or own real

property in Philadelphia County, Pennsylvania. Also, see *Lary V. The Doctors Answer, LLC* CV-

12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case,

which held that "venue is proper in the district where [plaintiff] resides because the injury did not

occur when the facsimile was sent...; it occurred when the [facsimile] was received."

3

## III.   Parties

10.     Plaintiff JAMES EVERETT SHELTON ("Plaintiff") is an individual who received the alleged phone calls on his private mobile telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who has a residence of 316 Covered Bridge Road, King of Prussia, PA 19406.

11.     Defendant CAPITAL ADVANCES LLC ("Capital Advances") is a Florida limited liability company with a registered principal address of 351 S. Cypress Road, Suite 400, Pompano Beach, FL 33060, which transacts business in, *inter alia*, Montgomery County, Pennsylvania. Capital Advances LLC's registered agent is Carmella Morelli, and her address for service of process is listed with the Florida Secretary of State as 501 NE 5th Terr, Ft. Lauderdale, FL 33031. Capital Advances is not registered to do business in the Commonwealth of Pennsylvania, however, Capital Advances markets and sells, *inter alia*, business loan and/or merchant cash advance services to people in Pennsylvania.

12.     Defendant VINCENZO MORELLI a/k/a VINCENT MORELLI ("Mr. Morelli) is an adult individual who is believed to be an Executive and/or the Owner of Capital Advances. Mr. Morelli reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Capital Advance's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Florida, and nationwide.

13.     Defendant CARMELLA MORELLI ("Ms. Morelli) is an adult individual who is listed with the Florida Secretary of State as the Assistant Secretary, Registered Agent, and Authorized Person / Member of Capital Advances LLC. Ms. Morelli reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Capital Advance's name. Such

4

tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Florida, and nationwide.

14.     At all times herein mentioned, Capital Advances LLC, Mr. Morelli, and Ms. Morelli (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

15.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

16.     At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## Background
## The Telephone Consumer Protection Act

17.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

5

18.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

19.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

20.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003). In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without

6

requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

21.     Under the TCPA, an individual such as Mr. Morelli or Ms. Morelli may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 227 of the TCPA, which reads, *inter alia*:

[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*

47 U.S.C. § 227 (emphasis added).

22.     When considering individual officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. See, *e.g., Jackson v. Five Star Catering, Inc., v. Beason,* 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

7

23.     Defendant Mr. Morelli is personally liable under the "participation theory" of liability because he is an Executive and/or Principal owner of Capital Advances, knew of Capital Advances' violations, and directed employees and/or agents of Capital Advances to continue making those violations, even when Plaintiff specifically called and wrote to Mr. Morelli and asked for the calls to stop.

24.     Defendant Ms. Morelli is personally liable under the "participation theory" of liability because she is an Executive, Assistant Secretary, and Authorized Person/ Member of Capital Advances, knew of Capital Advances' violations, and directed employees and/or agents of Capital Advances to continue making those violations, even when Plaintiff specifically called Ms. Morelli and asked for the calls to stop.

25.     This is because Defendants Mr. Morelli and Ms. Morelli authorized and oversaw each of Capital Advances' telemarketing processes and calls which were made on behalf of Capital Advances.

26.     Furthermore, Defendant Mr. Morelli and Ms. Morelli are also personally liable because they were responsible for ensuring Capital Advances' agents and/or employees' TCPA compliance.

## IV.     **Factual Allegations**

27.     Capital Advances provides business loans and/or "merchant cash advance" services.

28.     Capital Advances uses telemarketing to promote its services.

29.     Capital Advances's telemarketing efforts include calling cell phone numbers that are listed on the National Do-Not-Call registry for more than 31 days prior to the calls.

30.     At all times material hereto, Plaintiff was the subscriber of the telephone number 484-626-3942 and paid his cell phone bill through T-Mobile.

8

31.     Plaintiff's personal cellular telephone number, 484-626-3942, has been successfully registered on the National Do-Not-Call Registry since June 26, 2015, more than 31 days prior to the calls.

32.     On February 22, 2018 at 9:27 AM, Plaintiff received an unsolicited automated telemarketing call from a telephone number which displayed on Plaintiff's caller ID as 717-484-8167. This was immediately suspicious to Plaintiff, as (717) is an area code which serves South Central Pennsylvania, not Southeastern Pennsylvania; moreover, the (484) prefix on the caller ID is Plaintiff's normal area code. Plaintiff received this call and the following calls as described below on his personal cellular telephone number, 484-626-3942.

33.     Plaintiff said "hello" into his telephone and heard a pause. After a few seconds, Plaintiff heard a machine noise and a "boop" balloon-popping sound, which is indicative of automated dialing technology being used to determine that a live human being is on the phone line and to connect the called party to a representative. The automated technology was able to determine that Plaintiff had answered the phone as a result of him saying "hello".

34.     The above facts demonstrate that the call was made using automated technology to "spoof" the incoming caller ID to display as a Pennsylvania area code calling, when in fact the Defendants are located in Florida.

35.     Plaintiff waited a few seconds and said "hello" a few more times, to which there was no response. Then, Plaintiff was connected with a live human being.

36.     When a live human being arrived on the phone line, Plaintiff spoke to a representative, "Jim Ajdari", from Capital Advances LLC.

37.     Plaintiff then received a scripted sales pitch about business funding from the representative.

9

38.     During that call, Plaintiff took steps to ascertain the identity of the caller and feigned interest for this exact reason, namely by requesting that the caller send Plaintiff an e-mail with their company information. However, Plaintiff never consented to receiving any additional telemarketing calls or text messages.

39.     As a result of this automated telemarketing call, "Jim Ajdari", jim@capitaladvances.com sent Plaintiff an e-mail attempting to get Plaintiff to do business with Capital Advances or take out a business loan.

40.     Not more than a minute after Plaintiff hung up the phone, "Jim Ajdari" sent a text message to Plaintiff's cell phone which displayed on Plaintiff's caller ID as 347-542-1742 saying "What's the name of your company?" at 9:37 AM. "Jim Ajdari" further confirmed his identity as a representative of Capital Advances and told Plaintiff that he had sent Plaintiff an e-mail.

41.     At 10:04 AM on February 22, 2018, Plaintiff promptly responded via text message and told the representative to stop contacting Plaintiff and told the representative to put Plaintiff on the Do-Not-Call list and to send him a copy of Defendant's Do-Not-Call policy.

42.     "Jim Ajdari" responded "You got [it] bud I'll be sure to put you on it". However, as the following facts will demonstrate, the representative did not put Plaintiff's number on the Do-Not-Call list.

43.     The following day, February 23, 2018, Plaintiff received another automated call from Capital Advances at 717-484-8167 at 3:00 PM.

44.     The following day, February 24, 2018 Plaintiff then called Defendants Mr. Morelli and Ms. Morelli and informed them that Plaintiff was going to sue for TCPA violations and told Defendants to stop calling once again.

10

45.     On February 24, Plaintiff sent an e-mail to Defendants asking for evidence of any

purported consent to receive telemarketing calls using automated dialing technology, but

Defendants never provided any evidence that Plaintiff consented to receive ATDS telemarketing

calls or texts. Plaintiff also reiterated his request to be put on the Do-Not-Call list and to receive

a copy of Defendant's internal Do-Not-Call policy.

46.     Defendant Mr. Morelli and Ms. Morelli both spoke to Plaintiff about these calls and said

Plaintiff would be placed on the Do-Not-Call list. Unfortunately, this did not occur.

47.     On February 26, 2018 at 2:17 PM, Plaintiff received an automated call from a telephone

number which displayed on Plaintiff's caller ID as 717-484-8167. After a long pause, after which

Plaintiff said "hello" into his telephone, Plaintiff heard a machine noise and a "boop" balloon-

popping sound, and was connected with a female representative from Capital Advances. Plaintiff

then received another scripted sales pitch from Capital Advances about business funding.

48.     Plaintiff informed Mr. Morelli that another illegal call had taken place at 2:31 PM,

February 26, 2018. In response, Mr. Morelli sent Plaintiff a screenshot via text message wherein

"Jeffrey@capitaladvances.com" sent an email to ViciDial Group in St. Petersburg, Florida,

telling the telephone dialing company to remove Plaintiff's number from the calling list. The

representative from ViciDial responded and said that [Plaintiff's number] was removed from the

list.

49.     Mr. Morelli further admitted in writing that his company, Capital Advances LLC, made

the foregoing calls in question.

50.     Between 12:45 PM and 2 PM on April 25, Plaintiff received at least one (1) call from

347-542-1742, which is Jim Ajdari's phone number at Capital Advances. Plaintiff had not

consented to this call.

11

51.     Plaintiff alleges that there were other occasions in March and/or April 2018 that Capital Advances called him, however, Plaintiff will need to obtain those dates in discovery and amend his complaint accordingly.

52.     At no time did Plaintiff provide his consent to receive any calls from Capital Advances and/or its agents.

53.     Prior to these unsolicited calls, the Plaintiff has never done any business with Capital Advances and Plaintiff never provided Capital Advances with his cellular telephone number.

54.     Capital Advances did not have the Plaintiff's prior express written consent to make these calls.

55.     In fact, before filing this lawsuit, the Plaintiff wrote to Capital Advances several times, asking if they had his prior express written consent to make the calls, but Capital Advances did not provide any evidence of consent.

56.     Defendants failed and/or refused to provide a written copy of their internal company Do-Not-Call policy to Plaintiff, despite several requests and notice of Plaintiff's intent to file a formal claim.

57.     Pursuant to 47 CFR 64.1200(d)(1), a telemarketer is required, upon request, to send a consumer a written copy of their company Do-Not-Call Policy.

58.     Defendants failed and/or refused to put Plaintiff's number on their internal company Do-Not-Call list.

59.     To the extent Defendants contend that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendants can show that they had prior express consent in writing,

12

and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendants did not have prior express written consent to such calls from Plaintiff, and did not produce any such written consent, even though the Plaintiff contacted Capital Advances inquiring about the calls before filing this lawsuit.

60.     Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

61.     Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

62.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

63.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

13

64.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

65.     As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

67.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

68.     As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

69.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

70.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

71.     As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.

14

§ 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

72.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

73.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

74.     As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

75.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

76.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

77.     As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

15

## Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

78.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

79. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

80.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

81.    As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

## Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

82.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

83.    As a result of Defendants' and Defendants' agents knowing and/or willful violations

16

of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, as follows:**

**V.      Prayer for Relief**

On Causes of Action 1-8:

1.  For awards of $500 for each negligent violation as set forth in actions 1-6.

2.  For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

3.  Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$22,500** (Five counts of "Sales call/Text Message to a number registered on the National Do-Not-Call Registry", four counts each of "ATDS call", "Failure to Put Plaintiff's Number on Defendants' Do-Not-Call list", and "Failure to provide a copy of Defendant's Do-Not-Call Policy", with treble damages for each.)

4.  Prejudgment interest at the maximum legal rate;

5.  Costs of suit herein incurred; and

6.  All such other and further relief as the Court deems proper.

**VI.      Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 24, 2018

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

## **VERIFICATION**

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: May 24, 2018

James E Shelton

JAMES EVERETT SHELTON